IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY;<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR et al.<br><br>*Defendants*. | Civil Action No. 1:25-cv-612 |

**RESPONSE TO MINUTE ORDER**

As requested by the Court, Plaintiff submits this response to the March 4, 2025, Minute Order explaining how this action is related to Case No. 1:25-cv-165.

These cases are related because they both concern the legal status of the Department of Government Efficiency ("DOGE") and the DOGE teams within the federal agencies and their compliance with federal open government statutes. The complaint in Center for Biological Diversity v. OMB (1:25-cv-165), as amended in ECF-9 to include additional defendants U.S. DOGE Service, U.S. DOGE Temporary Organization, Elon Musk, and Amy Gleason, seeks DOGE's compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, while the above captioned case seeks compliance of various federal agencies and their embedded "DOGE teams" with the Federal Advisory Committee Act ("FACA"), 5 U.S.C. § 1009. Among other obligations, FACA requires that, "s[u]bject to section 552 of this title"—i.e., FOIA—the records of federal advisory committees "shall be made available for public inspection and copying." *Id.* § 1009(b). As alleged in the Complaints, DOGE and the defendant agencies are not complying with the overlapping disclosure mandates in FACA or FOIA.

Collectively, these violations represent a wholesale effort to circumvent the statutes Congress passed to inform the public as to matters vital to their lives and well-being. DOGE and its teams are attempting to avoid any public transparency into its efforts to dismantle federal agencies, particularly those of great importance to the Center and its members. Therefore, the FOIA and FACA violations at issues concern complementary open government statutes being violated in connection with DOGE's work.

These cases also raise overlapping factual and legal questions regarding the Center's legal entitlement to specific records, since both FACA and FOIA require the defendants to disclose, among other things, communications with the DOGE teams and disclosure of documents relating to DOGE and its operations. Due to conflicting information in the media and DOGE's refusal to comply with the open government statutes, the Center and the general public have little knowledge of how DOGE is operating and its influence in government activities or processes. As a legal matter, the government is refusing even to acknowledge that DOGE is an "agency" for purposes of FOIA and thus is failing to provide even the most basic information under that statute about how DOGE's work is being carried out and by whom. At the very same time, the government is refusing to acknowledge that the DOGE teams at specific agencies are subject to the document disclosure and related requirements of FACA, including FACA's requirement to produce committee-related records in accordance with FOIA. The cases are therefore legally and factually related because they seek compliance with intersecting federal transparency laws with respect to specific information about DOGE and its teams.

Further, as a matter of judicial economy and efficiency, it makes sense for cases raising related questions as to precisely what DOGE's legal status is as it pertains to the federal open government laws to be before the same court. This also limits the government's ability to take

inconsistent legal positions regarding DOGE and its teams' legal status and helps to ensure that some basic level of public transparency and accountability, as Congress intended in enacting FOIA and FACA, will be held to apply.

For these reasons, 1:25-cv-612 and 1:25-cv-165 are related cases.

Respectfully submitted on this 5th day of March 2025.

/s/ *Lauren A. Parker*
Lauren A. Parker (DC Bar No. 1670885)
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, DC 20005
lparker@biologicaldiversity.org
Tel: 202-868-1008

Jared Margolis (*pro hac vice* application pending)
Center for Biological Diversity
2852 Willamette St. # 171
Eugene, OR 97405
jmargolis@biologicaldiversity.org
Tel: (802) 310-4054

*Attorneys for Plaintiff Center for Biological Diversity*