**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY<br><br>　　　　　　　*Plaintiff*,<br><br>　　v.<br><br>U.S. DEPARTMENT OF INTERIOR, *et al*.<br><br>　　　　　　　*Defendants*. | Civil Case No. 1:25-cv-00612-RDM |

**PLAINTIFF'S [PROPOSED] FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26, 33, and 36, Plaintiff Center for Biological Diversity (the Center), by and through the undersigned counsel, hereby propound the following Interrogatories and Requests for Production of Documents.

**DEFINITIONS**

In general, words and phrases used in these discovery requests have the meanings ascribed to them under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, and other applicable law. The following specific terms are defined for purposes of these discovery requests:

1.　　"Document" is defined pursuant to Federal Rule of Civil Procedure 34 and includes, without limitation, written material of whatever kind or nature, whether in draft form, typed, printed, handwritten, or otherwise produced, including the original or any non-identical copies of correspondence, meeting minutes, resolutions, directives, memos, and any other written, printed, or recorded material of any kind known to you or in the possession, custody, or control of you or anyone acting on your behalf.

1

2.    "Describe," when used with respect to an interrogatory, means to give a complete and full accounting concerning the matter about which inquiry is made, based on all facts and information known or reasonably available to you.

3.    "And" and "or" have both conjunctive and disjunctive meanings; "all" and "any" means both "each" and "every"; the plural shall include the singular and vice versa.

4.    "DOGE Team" is defined pursuant to section 3(c) of Executive Order 14158, "Establishing and Implementing the President's 'Department of Government Efficiency,'" dated January 20, 2025.

5.    "DOGE personnel" means all persons acting on behalf of, as a part of, or pursuant to the authority of DOGE, DOGE Temporary Organizations, or DOGE Teams. This includes but is not limited to federal employees, special government employees, contractors, consultants, and volunteers.

6.    "Direct" or "directed" means instances in which an employee, officer, or volunteer instructed, ordered, or otherwise took action to compel a particular course of action by another.

7.    "Identify," when used with respect to an interrogatory, means to state all facts and information known or reasonably available to you.

8.    "Include" and "Including" do not imply any limitation to the items or kinds of items enumerated.

9.    Unless words have been given a specific definition herein, each word or term used herein shall be given its usual and/or customary dictionary definition, except where such words have a specific custom and/or usage definition in your trade or industry or as relevant to the

subject matter here, in which case they shall be interpreted in accordance with such usual custom and/or usage definition of which you are aware.

## INSTRUCTIONS

1.      In answering these discovery requests, you shall comply with the Federal Rules of Civil Procedure, including, without limitation, Fed. R. Civ. P. 33, 34, and 36, and the Local Rules of the United States District Court for the District of Columbia.

2.      These discovery requests are intended to elicit facts, information, and documents from all persons or entities, agents, attorneys, contractors, employees, experts, insurers, investigators, representatives, servants, and others who are in possession of or may have obtained documents and other information for you or anyone acting on your behalf.

3.      Unless specifically stated otherwise in these discovery requests, the time period(s) encompassed by each discovery request includes January 20, 2025, to the present. Further, these discovery requests are continuing in nature. Therefore, if any additional, contrary, or supplemental documents or other information are made available to you, supplemental answers to these discovery requests must be made as required by Fed. R. Civ. P. 26(e).

4.      Please restate, verbatim, the text of each of the following discovery requests before providing your response. We will provide an editable version of these discovery requests upon reasonable advance request.

5.      If the response to a request is the same for all Defendants, there is no need to distinguish between each Defendant's response. If, however, the response differs between Defendants, please separately state each Defendant's response.

6.      If more than one copy of a document exists, please produce the original, as well as every copy on which appears any notation or marking of any sort not appearing on the original.

7.      Please produce all documents in the possession, custody, or control of you or anyone acting on your behalf, or that are otherwise available to you after a reasonably diligent inquiry, unless any document is claimed to be privileged from discovery. If you contend any document requested is privileged or immune from discovery, produce a privilege/redaction log pursuant to the Federal Rules of Civil Procedure within the time provided by the order of the court authorizing expedited discovery.

8.      Please produce all documents requested in the requests for production within the time provided by the order of the court authorizing expedited discovery.

9.      When producing documents electronically, please use Bates numbers and provide a description of the documents. When producing documents electronically, please ensure that each separate document is its own separate file. This is because documents must be produced "as they are kept in the usual course of business." Fed. R. Civ. P. 34(b)(2)(E)(i).

10.     Produce all electronically stored information in native format, with all metadata intact. Fed. R. Civ. P. 34(b)(1)(C). "Native Format" means the format of ESI in which it was generated and/or as used by the producing party in the usual course of its business and in its regularly conducted activities. For example, the native format of an Excel workbook is a .xls or .xlsx file and the native format of a Microsoft Word document is a .doc or .docx file.

11.     Please make reasonably diligent efforts to obtain responsive documents. If, after reasonably diligent efforts, you still lack responsive documents, please say so, and describe the efforts made.

12.     If you think any request for production is ambiguous, please do not refuse to respond on that ground. Instead, explain in your response how you have interpreted the request for production.

13.     If you cannot answer an interrogatory in full and you have exercised thorough diligence in an attempt to secure the information requested, then you must so state. You must also explain to the fullest extent possible the specific facts concerning your inability to answer the interrogatory and supply whatever information or knowledge you have concerning any unanswered portion of the interrogatory.

14.     If your answer to any interrogatory is "unknown," "not applicable," or any similar phrase or answer, state the following: (a) Why the answer to that interrogatory is unknown; and (b) The efforts made to obtain answers to the particular interrogatory.

## REQUESTS FOR PRODUCTION

1.  Executive Order 14158 requires all Agency Heads to establish DOGE Teams within their respective agencies to advise the Agency on implementing the President's "DOGE Agenda." Produce all documents addressing and reflecting the process by which your agency has "established" its DOGE Team in accordance with the E.O.

2.   Produce any documents setting forth or describing the status, role, goals, scope, functions of, and the legal authority for, the DOGE Team working within your agency/department.

## INTERROGATORIES

1.  Identify all members of the DOGE Team established within your agency/department, including their title, employment status, how long they have worked for the agency/department and/or on the DOGE Team, to whom they report, and who hired them.

2.  Describe the scope of work that the DOGE Team established within your agency/department covers, and the extent to which the DOGE Team has followed, deviated from, or exceeded such scope of work.

3.  List all meetings that have taken place by and with the DOGE Team within the agency/department and describe the purpose and subject of matter of such meetings.

4. List all upcoming meetings that have been scheduled for the DOGE Team within the agency/department and describe the purpose and subject matter of such meetings.

5. Describe the legal authority that supports the scope of work and/or actions of the DOGE Team working within your agency/department.

## <u>REQUESTS FOR ADMISSION</u>

1. Admit that not all of the members of the DOGE Team within your agency/department are full-time, or permanent parttime, officers or employees of the Federal Government.

2. Admit that the DOGE Team within your agency/department has held meetings for the purposes of advising or making recommendations to the agency/department.

3. Admit that the DOGE Team within your agency/department has not made any information about their meetings publicly available, including schedules for such meetings, meeting minutes, or documents related to such meetings.

4. Admit that the DOGE Team within your agency/department uses the message application Signal, WhatsApp, or other secure messaging systems that do not preserve records.

For each Request for Admission, explain the basis for Defendant's response, including the basis of any partial or full denial, for any request not fully admitted.