IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY,

*Plaintiff*,

v.

U.S. DEPARTMENT OF INTERIOR, *et al.*,

*Defendants*.

Case No. 1:25-cv-00612-RDM

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR EXPEDITED DISCOVERY**

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................ 1

LEGAL BACKGROUND .............................................................................................................. 3

ARGUMENT .................................................................................................................................. 4

I.      The Court should rule on Defendants' motion to dismiss before permitting discovery. ............................................................................................................... 4

II.     Plaintiff fails the reasonableness test. ................................................................... 8

          A.     No request for emergency relief is pending or imminent. .................................... 8

          B.     Plaintiff's proposed discovery is broad and burdensome ..................................... 9

          C.     Plaintiff has failed to articulate a specific or legitimate purpose for expedited discovery. ............................................................................................................ 11

          D.     Plaintiff's motion comes far in advance of the typical discovery process. ........... 12

III.     Plaintiff also fails the *Notaro* test ....................................................................... 13

CONCLUSION ............................................................................................................................. 13

CERTIFICATE OF SERVICE ..................................................................................................... 15

## **TABLE OF AUTHORITIES**

**Cases**

*Am. Oversight v. Biden,*
  No. 20-cv-00716-RJL, 2021 WL 4355576 (D.D.C. Sept. 24, 2021) .................................. 7

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ........................................................................................................ 4

*Attkisson v. Holder*,
  113 F. Supp. 3d 156 (D.D.C. 2015) ....................................................................... 9, 10, 11

*Carter v. DeKalb Cnty., Ga.*,
  521 F. App'x 725 (11th Cir. 2013) .................................................................................. 5

*Cunningham v. Cornell Univ.*,
  604 U.S. ___, No. 23-1007, 2025 WL 1128943 (Apr. 17, 2025) ...................................... 5

*Diulus v. Am. Express Travel Related Servs. Co., Inc.*,
  823 F. App'x 843 (11th Cir. 2020) (per curiam) .............................................................. 5

*Does 1-9 v. Dep't of Just.,*
  No. 25-CV-325 (JMC), 2025 WL 894120 (D.D.C. Mar. 22, 2025) ................................... 3

*Dunlap v. Presidential Advisory Comm'n on Election Integrity*,
  944 F.3d 945 (D.C. Cir. 2019) ........................................................................................ 7

*Ellipso, Inc. v. Mann*,
  480 F.3d 1153 (D.C. Cir. 2007) ...................................................................................... 9

*Fund for Animals v. Frizzell*,
  530 F.2d 982 (D.C. Cir. 1975) ........................................................................................ 9

*Guttenberg v. Emery*,
  26 F. Supp. 3d 88 (D.D.C. 2014) .............................................................................. *passim*

*In re Fannie Mae Derivative Litig.*,
  227 F.R.D. 142 (D.D.C. 2005) ....................................................................................... 4

*In re Musk*,
  No. 25-5072, 2025 WL 926608 (D.C. Cir. Mar. 26, 2025) ..................................... 4, 5, 6, 9

*In re Quinteros,*
  No. 19-br-195-SMT, 2021 WL 3674727 (D.D.C. Aug. 13, 2021) .................................... 5

*In re United States*,
  583 U.S. 29 (2017) (per curiam) ................................................................................... 12

*Kaplan v. California Pub. Emps.' Ret. Sys., No. C 98-1246 CRB,*

    1998 WL 575095 at *6 (C.D. Cal. Sep. 3, 1998) .......................................................... 6, 11

*Kaylor v. Fields*,
    661 F.2d 1177 (8th Cir.1981) ...................................................................................... 6

*L. Xia v. Tillerson*,
    865 F.3d 643 (D.C. Cir. 2017) ...................................................................................... 7

*Legal Tech. Grp., Inc. v. Mukerji,*
    No. 17-cv-631 (RBW), 2017 WL 7279398 (D.D.C. June 5, 2017) ............................... 8, 10

*Mujica v. AirScan Inc.*,
    771 F.3d 580 (9th Cir. 2014) ...................................................................................... 5

*New Mexico v. Musk,*
    No. 25-CV-429 (TSC), 2025 WL 783192 (D.D.C. Mar. 12, 2025) ................................. 8, 9

*Notaro v. Koch*,
    95 F.R.D. 403 (S.D.N.Y 1982) .................................................................................... 3

*Open Top Sightseeing USA v. Mr. Sightseeing, LLC*,
    48 F. Supp. 3d 87 (D.D.C. 2014) ................................................................................ 9

*PHL Variable Ins. Co. v. Sheldon Hathaway Fam. Ins. Tr. ex rel. Hathaway,*
    No. 2:10-CV-67, 2011 WL 703839 (D. Utah Feb. 20, 2011) ....................................... 11, 12

*Simon v. Republic of Hungary,*
    No. CV 10-01770 (BAH), 2012 WL 13069772 (D.D.C. Oct. 19, 2012) .............................. 3

*True the Vote, Inc. v. Internal Revenue Serv.,*
    No. CV 13-734-RBW, 2014 WL 4347197 (D.D.C. Aug. 7, 2014) ................................. 9, 12

**Statutes**

5 U.S.C. § 552 ....................................................................................................................... 2

**Rules**

Fed. R. Civ. P. 8 ............................................................................................................ 4, 5, 9
Fed. R. Civ. P. 12 ................................................................................................................... 3
Fed. R. Civ. P. 15 ................................................................................................................... 2
Fed. R. Civ. P. 26 .............................................................................................................. 3, 12

**Other**

90 Fed. Reg. 8441 ............................................................................................................. 1, 7

**INTRODUCTION**

The Court should deny Plaintiff's attempt to bypass ordinary discovery procedures by seeking expedited discovery, before Defendants' deadline to respond to the operative complaint and despite a motion to dismiss on the horizon. Defendants' forthcoming motion to dismiss will challenge both the Court's jurisdiction over the suit and the sufficiency of the Federal Advisory Committee Act ("FACA") allegations, which is reason enough to reject any rush to discovery. Both the Supreme Court and this circuit have cautioned against allowing discovery to proceed before threshold issues are decided.

Moreover, Plaintiff cannot meet the standard for expedited discovery. No emergency or preliminary relief is pending or scheduled. Plaintiff's discovery requests are sweeping, and responding will impose a heavy burden on 13 separate agencies or departments. And the true purpose of the expedited discovery request appears to be patching the holes of a facially deficient complaint, which is an improper purpose.

Federal courts set a high bar when departing from the ordinary discovery schedule. Plaintiff cannot clear that bar here. Because Defendants will soon challenge Plaintiff's failure to plead mandamus jurisdiction or state a valid FACA claim, and because Plaintiff has shown neither urgency nor a narrow need for early discovery, the motion should be denied in full.

**BACKGROUND**

On January 20, 2025, President Trump signed Executive Order 14,158, which redesignated the previously established United States Digital Service as the U.S. DOGE Service ("USDS") and charged it with implementing the President's agenda of "improv[ing] the quality and efficiency of government-wide software, network infrastructure, and information technology (IT) systems." 90 Fed. Reg. 8441, §§ 3(a), 4 ("the EO"). The USDS sits within the Executive

1

Office of the President. *Id.* Agency heads across the Executive Branch are required under the EO to establish within their respective agencies a DOGE Team of at least four employees who are either hired or assigned to work within each agency. *Id.* § 3(c).

In March 2025, the Center for Biological Diversity sued, naming as defendants 13 agencies and departments. Originally, Plaintiff brought two claims against Defendants under the Administrative Procedure Act ("APA") and the mandamus statute, alleging that USDS is a federal advisory committee required to comply with FACA. *See generally* Complaint, ECF 1. Plaintiff then amended its complaint and added a third claim seeking records under the Freedom of Information Act ("FOIA"). Amended Complaint ("Am. Compl."), ECF 12 ¶¶ 100–115.

Defendants' current deadline to respond to the FOIA claim is May 1, 2025, s*ee* 5 U.S.C. § 552(a)(4)(C), and the deadline to respond to the FACA claims is May 12, 2025. *See* ECF 8; Fed. R. Civ. P. 15. Before Defendants' deadline to respond to the operative complaint, Plaintiff filed a motion for expedited discovery. Pls.' Mot. for Expedited Disc. ("Mot."), ECF 13. Plaintiff asks the Court to compel Defendants to answer broad written discovery requests, including Requests for Production, Requests for Admission, and Interrogatories. ECF 13-1. Plaintiff's discovery requests are targeted toward supporting the merits of its FACA claims. Mot. at 2; ECF 13-1.

No other action has occurred in this litigation: Plaintiff has not sought any preliminary or emergency relief, nor has it sought a briefing schedule for such relief. Defendants plan to timely file a partial motion to dismiss, asking the court to dismiss all the FACA claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of jurisdiction and failure to state a claim.

## LEGAL BACKGROUND

In general, "a party may not seek discovery" before a Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Accordingly, expedited discovery is not the norm, especially when it is sought weeks before Defendants' deadline to respond to the Complaint. *See Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97 (D.D.C. 2014). Courts in this district examine motions for expedited discovery under the "reasonableness" test, *id. at*, 97–98, or under the *Notaro* test, *id.* at 98 (citing *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y 1982)).

But recently, some courts in this District have rejected the *Notaro* test in favor of the reasonableness standard, which is "more suited to the application of the Court's broad discretion in handling discovery." *Id.* at 97–98; *see also Does 1-9 v. Dep't of Just.*, No. 25-CV-325 (JMC), 2025 WL 894120, at *5 (D.D.C. Mar. 22, 2025); *but see Simon v. Republic of Hungary*, No. CV 10-01770 (BAH), 2012 WL 13069772, at *3 & n.8 (D.D.C. Oct. 19, 2012) (applying both the reasonableness and *Notaro* tests because "Judges in this Circuit have employed both standards in considering a request for expedited discovery"). The *Notaro* test is akin to the preliminary injunction standard and is more stringent than the reasonableness test. *See Simon*, 2012 WL 13069772, at *3 ("The more stringent standard is . . . the *Notaro* test"). It requires the moving party to demonstrate "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Guttenberg*, 26 F. Supp. 3d at 97 (citing *Notaro*, 95 F.R.D. at 405). As outlined below, because Plaintiff cannot even meet the reasonableness test, Plaintiff would necessarily lose under the more difficult *Notaro* test as well.

Under the reasonableness test, courts primarily examine five factors, although the list of factors is not exhaustive: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Guttenberg*, 26 F. Supp. 3d at 98 (quoting *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005)).

Before applying either the *Notaro* or the reasonableness test, a court must first determine that a plaintiff has sufficiently pled jurisdiction and a valid claim for which relief can be granted. In other words, a court should rule on a defendant's motion to dismiss before allowing any discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (where plaintiff's "complaint is deficient under Rule 8, he is not entitled to discovery"); *In re Musk*, No. 25-5072, 2025 WL 926608, at *1 (D.C. Cir. Mar. 26, 2025).

Defendants' impending motion to dismiss alone warrants denial of Plaintiff's request for expedited discovery. But even if this Court applies the reasonableness standard, Plaintiff's request fails it and its motion should be denied in full.

## ARGUMENT

**PLAINTIFF'S REQUEST FOR EXPEDITED DISCOVERY IS UNREASONABLE**

### I.     The Court should rule on Defendants' motion to dismiss before permitting discovery.

It is well established that a court should first determine whether the plaintiff has adequately pled jurisdiction or stated a valid claim before exercising power over the case and unlocking the doors to discovery. *See Iqbal*, 556 U.S. at 678-79, 686 (when a "complaint is deficient under Rule 8, [plaintiff] is not entitled to discovery, cabined or otherwise" because "the doors of discovery" do not unlock "for a plaintiff armed with nothing more than conclusions");

4

*Cunningham v. Cornell Univ.*, 604 U.S. ____, No. 23-1007, 2025 WL 1128943, at *8 (Apr. 17, 2025) (finding that when plaintiffs bring "barebones" suits, district courts should use "tools at their disposal to screen out meritless claims before discovery"); *In re Musk*, No. 25-5072, 2025 WL 926608, at *1 (D.C. Cir. Mar. 26, 2025) (staying discovery because "the district court was required to decide [defendants'] motion to dismiss before allowing discovery"); *Diulus v. Am. Express Travel Related Servs. Co., Inc.*, 823 F. App'x 843, 847 (11th Cir. 2020) (per curiam) (unpublished) ("[B]ecause their complaint failed to state a claim, they were not entitled to discovery."); *Carter v. DeKalb Cnty.*, Ga., 521 F. App'x 725, 728 (11th Cir. 2013) ("[F]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."); *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) ("[P]laintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it.").

Indeed, another court in this District just recently rejected a plaintiff's attempt to seek expedited discovery in a similar "DOGE" FACA suit, finding that the court was "particularly hesitant" to order discovery "at such an early stage" and before the impending, but not yet filed, motion to dismiss was "resolved." *Public Citizen, Inc. v. Donald Trump*, No. 25-164, Order at 4, ECF No. 31 (D.D.C. Mar. 25, 2025); *see also In re Quinteros*, No. 19-br-195-SMT, 2021 WL 3674727, at *13 (D.D.C. Aug. 13, 2021) (holding that "discovery typically occurs after the resolution of motions to dismiss, because requiring defendants to comply with an order for expedited discovery when the case may later be dismissed for failure to state a claim" is inefficient (citation omitted)).

This Court should similarly deny Plaintiff's request for expedited discovery because Defendants intend to file a motion to dismiss arguing that on the face of the operative complaint,

5

Plaintiff has failed to establish mandamus jurisdiction for a FACA claim and failed to state a valid FACA claim. In this Circuit, that alone is sufficient reason to deny expedited discovery. *See In re Musk*, 2025 WL 926608, at *1.

But equally problematic is that Plaintiff's own motion confirms that its operative complaint lacks the basic facts needed to plead jurisdiction or state a claim. Plaintiff says that it seeks "basic information concerning how and the extent to which FACA is being violated," Mot. at 2, which is an admission that the operative complaint lacks basic details about whether FACA is violated at all. Plaintiff also states that it does not know "how the DOGE teams are operating," Mot. at 6, which shows that Plaintiff does not have the basic facts to establish that USDS is an advisory committee subject to FACA—and, indeed, it is not. This Court should not allow Plaintiff to use expedited discovery as a tool to patch up a deficient complaint. That expedition would permit any future plaintiff to use a deficient complaint to open the door to expedited discovery in hopes of finding a claim. S*ee Kaplan v. California Pub. Emps.' Ret. Sys.*, No. C 98-1246 CRB, 1998 WL 575095 at *6 (C.D. Cal. Sep. 3, 1998) ("Plaintiff has relied on wholly conclusory allegations at the pleading stage while hoping to find data to support his claim through discovery; such fishing expeditions are not permissible under federal discovery rules."), *aff'd*, 221 F.3d 1348 (9th Cir. 2000); *Kaylor v. Fields,* 661 F.2d 1177, 1184 (8th Cir.1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

Defendants, moreover, are likely to succeed in their motion to dismiss. To invoke this Court's jurisdiction for the mandamus claim, Plaintiff must satisfy a stringent standard, as mandamus relief is "a drastic and extraordinary remedy reserved for really extraordinary causes." *See Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 944 F.3d 945, 949

6

(D.C. Cir. 2019) (citation omitted). Such jurisdiction exists only when a mandatory duty is "clear and indisputable," which Plaintiff has failed to show for the same reasons it has failed to state a FACA claim. *Id.* To state a valid FACA claim under mandamus or the APA, a committee must satisfy numerous necessary elements, including (1) having sufficient indicia of formality and structure, including a fixed membership and a unified approach to providing advice; and (2) having non-employee members with a vote or veto over the committee's collective recommendations. *Am. Oversight v. Biden*, No. 20-cv-00716-RJL, 2021 WL 4355576, at *6–9 (D.D.C. Sept. 24, 2021).

Plaintiff has not alleged any specific facts that would allow the Court to conclude that these basic elements have been pled. Plaintiff merely alleged legal conclusions based on unspecified "information and belief." *See L. Xia v. Tillerson*, 865 F.3d 643, 650 (D.C. Cir. 2017) (To survive a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)). Plaintiff alleges no specific facts showing that USDS is a structured, fixed collection of individuals that meets together on a regular basis and that deliberates and advises as a unit. *See generally* Am. Compl. The operative complaint also does not contain any specific facts establishing that any member of the DOGE Teams is a non-employee that has a vote or veto over USDS's actions, a particularly glaring omission given that USDS is an Executive Branch component and that under the terms of the executive order, the DOGE Teams are composed of agency employees. *Id.*; *see* EO, 90 Fed. Reg. 8441, §§ 3(a)-(c). In short, the FACA claims are likely to end at the pleading stage. Thus, on this basis alone, the Court should deny Plaintiff's motion for expedited discovery.

### II. Plaintiff fails the reasonableness test.

As noted above, courts often consider five independent factors in determining whether a request for expedited discovery satisfies the reasonableness test. *See supra* at 4. Here, each factor weighs against the expedited discovery Plaintiff requests.

#### A. No request for emergency relief is pending or imminent.

There is no motion for preliminary injunction or temporary restraining order pending in this case, despite Plaintiff's claim that DOGE Teams have irreparably harmed Plaintiff and will continue to do so. Yet, Plaintiff still refuses to concede that this factor weighs against its request for expedited discovery. Mot. at 9. Instead, Plaintiff argues that because it might seek preliminary relief based on what it finds through expedited discovery, the factor still cuts in its favor. *Id.* (citing *Legal Tech. Grp., Inc. v. Mukerji*, No. 17-cv-631 (RBW), 2017 WL 7279398, at *3 (D.D.C. June 5, 2017)). But if that were enough, then any plaintiff could gesture vaguely toward a possible future preliminary injunction motion and tip the factor in its favor.

Courts should and do require more. *See, e.g.*, *Public Citizen, Inc. v. Donald Trump*, No. 25-164, Order at 4, ECF No. 31 (D.D.C. Mar. 25, 2025) (finding that the first factor weighed against expedited discovery even though Plaintiff claimed he "intend[ed] to file a motion for preliminary injunction in the future"). At a minimum, if a preliminary injunction motion is not pending, a plaintiff must show that one is likely and imminently to come, perhaps by pointing to a set briefing schedule or by explaining why they are likely to win a preliminary injunction motion. Plaintiff here can do neither. As an initial matter, no briefing schedule for a preliminary injunction or temporary restraining order has been set. *See New Mexico v. Musk*, No. 25-CV-429 (TSC), 2025 WL 783192, at *3 (D.D.C. Mar. 12, 2025) (finding that though a preliminary injunction had not been filed yet, one was likely and imminently coming because a TRO had

8

been filed and a briefing schedule for the PI had already been set), *order stayed*, *In re Musk*, 2025 WL 926608, at *1.

And more fundamentally, Plaintiff would not be entitled to preliminary injunctive relief. To start, Plaintiff waited nearly 40 days to seek expedited discovery and has not sought any emergency relief in the nearly 8 weeks since it filed the original Complaint, a delay that itself undermines any entitlement to preliminary relief. *See Open Top Sightseeing USA v. Mr. Sightseeing, LLC*, 48 F. Supp. 3d 87, 90 (D.D.C. 2014) (holding that delay of thirty-six days before filing for preliminary injunctive relief was "dilatory action" that failed to clear the high bar needed to show entitlement to relief); *see also Fund for Animals v. Frizzell*, 530 F.2d 982, 987 (D.C. Cir. 1975) (finding that a delay of forty-four days before bringing action for injunctive relief was "inexcusable," and "bolstered" the "conclusion that an injunction should not issue," particularly where the party seeking an injunction had knowledge of the pending nature of the alleged irreparable harm). And, as explained above, Plaintiff has not even satisfied the pleading standards of Rule 8 as to its FACA claims. Nor can plaintiff establish irreparable harm, particularly given the delay in seeking any emergency relief. On all fronts Plaintiff falls far short of establishing entitlement to preliminary injunctive relief. *See Ellipso, Inc. v. Mann*, 480 F.3d 1153, 1157 (D.C. Cir. 2007) (outlining preliminary injunction factors). Because there is no pending motion for preliminary injunction and no strong indication that one is imminent or meritorious, this factor weighs against expedited discovery.

### B. Plaintiff's proposed discovery is broad and burdensome.

Courts disfavor broad expedited discovery, especially discovery requests that cut to the merits of a plaintiff's case. *See Guttenberg*, 26 F. Supp. 3d at 98; *see also True the Vote, Inc. v. Internal Revenue Serv.*, No. CV 13-734-RBW, 2014 WL 4347197, at *7 (D.D.C. Aug. 7, 2014); *Attkisson v. Holder*, 113 F. Supp. 3d 156, 166 (D.D.C. 2015). And expedited discovery that

9

seeks "relatively broad discovery on issues going to the merits of the[] case" that is not "narrowly tailored to reveal information related to the preliminary injunction" should not be authorized. *Guttenberg*, 26 F. Supp. 3d at 98; *see also Legal Tech. Grp., Inc. v. Mukerji*, No. 17-cv-631-RBW, 2017 WL 7279398, at *3 (D.D.C. June 5, 2017); *Attkisson*, 113 F. Supp. 3d at 162.

Here, Plaintiff argues that its discovery requests are not overly burdensome because they are "narrowly tailored" and "limited." Mot. at 13–14. But Plaintiff is wrong for at least two reasons. First, because no preliminary injunction motion is pending, it is difficult to determine the purpose and scope of the requested expedited discovery. *See Public Citizen, Inc. v. Donald Trump*, No. 25-164, Order at 2, ECF No. 31 (D.D.C. Mar. 25, 2025) ("Absent a pending motion [for preliminary injunction], the Court cannot properly assess . . . whether the sought-after discovery is relevant to the merits of the preliminary injunction (rather than the merits of the case as a whole), and whether the requested discovery is appropriately tailored to those relevant issues.").

Second, though the number of discovery requests appears small, *see* ECF 13-1, the scope of what Plaintiff asks for is anything but narrow and limited. The requests are drafted broadly, go to the merits of the FACA claims, and would require significant time and resources to answer.

Request for Production No. 2, for example, asks all 13 agency or department defendants to produce "any documents setting forth or describing the status, role, goals, scope, functions of, and legal authority for, the DOGE Team working within your agency/department." ECF 13-1 at 5. That request is objectional on its face: it is overly broad and much of the information it seeks is irrelevant to a FACA claim. But even setting aside objections, responding to that one request for "any document" would require extensive searches and review across 13 agencies or

10

departments. For instance, among many other steps that would need to be taken, this one broad request could potentially require all 13 agency or department defendants to search through every employee's email for "any document" that may be responsive.

Similarly, Interrogatory No. 3 asks each of the 13 agency or department defendants to list every "meeting" of its DOGE Team. *Id*. The first problem is that "meeting" is a vague word with many meanings, and Plaintiff did not define it. But if Plaintiff intends "meeting" to mean any time two or more DOGE Team members met and talked about their work, then identifying every such instance from January 20, 2025, to the present would take extensive investigation, if not be virtually impossible. Plaintiff's requests are not narrowly tailored; they are broad, burdensome, and unreasonable at this early juncture in litigation.

There is no harm under these circumstances in following the ordinary litigation schedule. There is harm in jumping ahead to broad and burdensome expedited discovery. These two factors also weigh against expedited discovery.

### C. Plaintiff has failed to articulate a specific or legitimate purpose for expedited discovery.

As outlined above, Plaintiff appears to seek expedited discovery to patch up a facially deficient complaint. Plaintiff's own admissions and the broad nature of the written discovery requests confirm as much. The discovery requests seek broad categories of information, such as details about DOGE Team meetings and the composition of USDS. Those discovery requests go directly to the elements that Plaintiff failed, but needed, to plead. *See Attkisson*, 113 F. Supp. 3d at 163 (explaining that expedited discovery is "inappropriate" to prove ultimate merits of the case and instead should be narrowly tailored to issue of preliminary relief). This is an improper purpose for expedited discovery. S*ee Kaplan*, 1998 WL 575095 at *6 (C.D. Cal. Sep. 3, 1998); *PHL Variable Ins. Co. v. Sheldon Hathaway Fam. Ins. Tr. ex rel. Hathaway*, No. 2:10-CV-67,

11

2011 WL 703839, at *3 (D. Utah Feb. 20, 2011) ("[C]omplaints are not meant to be a license to conduct discovery and discover unknown wrongs."). Thus, this factor weighs against expedited discovery.

### D. Plaintiff's motion comes far in advance of the typical discovery process.

*Guttenberg* explains that the "most important" consideration in the Court's reasonableness analysis is whether the "plaintiffs' request for expedited discovery comes well in advance of typical discovery." 26 F. Supp. 3d at 99 (cleaned up); *see also True the Vote, Inc.*, 2014 WL 4347197, at *8 (finding expedited discovery prior to resolution of motion to dismiss "premature"). And expediting discovery in the face of an impending dispositive motion drains resources, burdens the Defendants, and creates inefficiencies as it requires "expend[ing] significant resources responding to discovery requests in a case where plaintiffs did not have a viable cause of action." *Guttenberg*, 26 F. Supp. 3d at 99; *see also In re United States*, 583 U.S. 29, 32 (2017) (per curiam) (vacating and remanding to the district court with instructions to rule on the government's threshold arguments regarding jurisdiction and reviewability, which "likely would eliminate the need for the District Court to examine a complete administrative record").

Here, Plaintiff's request for expedited discovery comes well in advance of the usual discovery process. No Rule 26(f) conference has been scheduled, nor will one take place until at least 21 days before a scheduling conference, which itself has not yet been set. *See* Fed. R. Civ. P. 26(f)(1). In the meantime, Defendants plan to respond to the FACA claims by filing a motion to dismiss on or before May 12, 2025, which will delay discovery. The motion to dismiss will not be fully briefed and ready for decision until June 2, at the earliest. *See* LCvR 7(b), (d). And if the Court sets the motion to dismiss for a hearing, that will push out discovery even further. In short, discovery on the FACA claims is months away, which weighs against the Court granting expedited discovery here.

Because Plaintiff cannot meet any of the reasonableness factors, the Court should deny the request for expedited discovery.

### III.    Plaintiff also fails the *Notaro* test

Because Plaintiff cannot meet the reasonableness standard, it necessarily fails to meet the even higher standard for expedited discovery under the four-factor *Notaro* test. *See Guttenberg*, 26 F. Supp. 3d at 98 ("[I]f plaintiffs cannot prevail under the reasonableness approach, the Court need not decide whether they could meet the *Notaro* approach, because the reasonableness approach is a more liberal standard."). First, Plaintiff has failed to articulate any specific injury that cannot be addressed through the normal litigation process. Second, as explained *supra*, Plaintiff's operative complaint offers only conclusions, not relevant facts, to establish key elements required to establish mandamus jurisdiction or state an APA or mandamus claim. Third, Plaintiff does not adequately explain what irreparable injury it is facing and thus fails to establish any legitimate reason for the broad information sought. Fourth, Plaintiff fails to establish any urgency that outweighs the heavy burden that the expedited discovery would impose on Defendants. Thus, Plaintiff fails the *Notaro* standard, and this Court should deny expedited discovery.

If the Court orders expedited discovery notwithstanding all of the above, Defendants respectfully request a stay of that order for at least fourteen days, so that they may consider seeking emergency appellate relief.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Expedited Discovery.

| | |
|---|---|
| DATED: April 24, 2025 | Respectfully submitted,<br><br>YAAKOV M. ROTH<br>Acting Assistant Attorney General<br>Civil Division<br><br>ELIZABETH J. SHAPIRO<br>Deputy Director<br>Federal Programs Branch<br><br>BRADLEY P. HUMPHREYS<br>Senior Trial Counsel<br><br>*/s/ Samuel S. Holt*<br>SAMUEL S. HOLT<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 674-9761<br>Fax: (202) 616-8470<br>Samuel.Holt2@usdoj.gov<br><br>*Counsel for Defendants* |

**CERTIFICATE OF SERVICE**

I certify that on April 24, 2025, I electronically filed the foregoing and thereby caused a copy to be served on counsel of record.

*/s/ Samuel S. Holt*
SAMUEL S. HOLT
