## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY,

*Plaintiff*,

v.

U.S. DEPARTMENT OF INTERIOR, *et al.*,

*Defendants*.

Case No. 1:25-cv-00612-RDM

## MOTION TO REDACT MATERIALS IN ADMINISTRATIVE RECORDS

Defendants respectfully move the Court for permission to redact certain documents in the administrative records ordered to be filed with Defendants' motion to dismiss Plaintiff's claims brought under the Federal Advisory Committee Act (FACA).  *See* Minute Order (May 2, 2025). Specifically, Defendants seek leave from the Court to redact the names and personally identifying information of certain government employees not parties to this case to protect those employees' privacy interests.

Pursuant to the Court's May 2, 2025 Minute Order, Defendants are required to file "a 'certified list of the contents of the administrative record with the Court' pursuant to Local Rule 7(n)(1), as well as the entire administrative record in this matter," "when filing their motion to dismiss."  Minute Order (quoting L. Civ. R. 7(n)(1)).  The administrative records contain employment documents (*e.g.*, SF-50s, memoranda of understandings) for federal employees working within the relevant agencies to implement Executive Order 14,158.  Similar employees associated with DOGE Teams have received numerous threats in response to public reporting on their involvement with the President's DOGE Agenda.

Pursuant to Local Rule 7.1(m), Defendants conferred with Plaintiff on this motion. Plaintiff consents to the redaction of social security numbers, dates of birth, and home address but otherwise objects to Defendants' requested relief.

Pursuant to Federal Rule of Civil Procedure 5.2(e)(1), Courts may issue protective orders to permit redactions of additional information not listed in FRCP 5.2(a) for "good cause." Similarly, Local Rule 5.1(h) provides that a court may issue an order sealing a document. This Circuit uses a six-factor test to determine whether to seal a court filing:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identify of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*EEOC v. Nat. Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *United States v. Hubbard*, 650 F.3d 293, 317–22 (D.C. Cir. 1980)). Although there is a "strong presumption in favor of public access to judicial proceedings," a district court has discretion to allow a party to file documents under seal where it determines that other factors, such as the privacy interest in sensitive personal information "act to overcome this presumption." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016). The district court's discretion in determining whether to seal documents is "exercised in light of the relevant facts and circumstances of the particular case." *United States v. Harris*, 204 F. Supp. 3d 10, 16 (D.D.C. 2016). Accordingly, Defendants state the following in support of their request to redact the administrative records:

1.      The facts of the case are detailed in Defendants' forthcoming Partial Motion to Dismiss. Defendants here adopt those factual statements.

2.      Some employees working to implement Executive Order 14,158 have received serious threats, including to the lives of themselves and their families.

3.      In this case, the *Hubbard* factors are met as to the redaction of the names of the employees working on DOGE Teams at the Defendant agencies.

4.      First, the public's need to access employee names on employment documentation is low because the documentation is only meant to confirm the employment status of the employees.  The identity of the employees is immaterial to whether Plaintiff has adequately pled claims under FACA.

5.      Second, the documents at issue have never been publicly disclosed and are not made public in the normal course.

6.      Third, Defendants object to the disclosure of the names of employees who are working to implement Executive Order 14,158.  Defendants have not publicly acknowledged the identities of the employees at issue in this case and have an interest in defending their expectations of privacy while litigating issues to which their identity is not relevant.

7.      Fourth, the strength of the privacy interests involved are high.  As noted, these individuals are not parties to this litigation and have been tasked with fulfilling duties directed by the President and agency leadership, in accordance with Executive Order 14,158.

8.      Fifth, as noted above, Defendants maintain an interest in defending their employees from unwarranted harassment and are prejudiced by the public disclosure of their employees' identities in these circumstances.

9.      Sixth, Defendants are providing the relevant documents to comply with the Court's May 2, 2025 Minute Order.  Defendants maintain that an administrative record is not required at this stage of the proceedings, and that that the Court should dismiss Count I and Count II of the Amended Complaint based on the insufficiency of Plaintiff's pleadings.  There is no need to know

the identity of agency employees to conclude that Plaintiff has not adequately alleged the existence of an advisory committee subject to FACA.

10.     Courts in this District have recognized the privacy interests of individuals who are not named in a lawsuit. *Hubbard*, 650 F.2d at 320 ("[T]he fact that objection to access is made by a third party weighs in favor of non-disclosure."). And Courts in this district have in the past granted to protect parties from death threats or harassment. *See, e.g.*, *M.A. v. Mayorkas*, No. 23-CV-1843, 2023 WL 5321924 (D.D.C. July 6, 2023) (permitting plaintiffs to proceed pseudonymously and granting motion to file certain supporting exhibits under seal where plaintiffs received death threats); *Las Americas Immigrant Advoc. Ctr. v. Wolf*, No. 19-CV-3640 (KBJ), 2020 WL 7319297 (D.D.C. July 8, 2020) (permitting plaintiffs to proceed pseudonymously and granting motion to file certain supporting exhibits under seal where plaintiffs received death threats); *Doe v. Benoit*, No. 19-CV-01253, 2019 WL 13079193 at *4 (D.D.C. Apr. 30, 2019) (permitting government employee plaintiff to proceed under pseudonym and sealing motion and supporting exhibits where employee feared being labelled an "inside threat," which *could* lead to death threats). In all three of these cases, the court permitted plaintiffs to file pseudonymously even though the D.C. Circuit has instructed that "parties to a lawsuit must typically openly identify themselves in their pleadings," with "[b]asic fairness dictat[ing] that those among the defendants' accusers who wish to participate . . . as individual party plaintiffs must do so under their real names." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463–64 (D.C. Cir. 1995) (per curiam) (internal quotation marks and citations omitted). *But see* Order, *Am. Fed'n of Labor and Congress of Indus. Orgs. v. Dep't of Labor*, No. 1:25-cv-00339-JDB (D.D.C. Mar. 17, 2025), ECF No. 59 (denying motion to redact names of DOGE Team members in case asserting claims under the Privacy Act).

11.     To enable both Plaintiff and the Court to track and readily identify each employee and their associated employment information, Defendants have redacted the names of individual employees and substituted them with corresponding monikers (*e.g.*, EPA-1, EPA-2, etc.). Defendants would be willing to disclose to Plaintiff the actual names of all relevant employees if Plaintiff were to agree to a protective order to prevent further dissemination of the information.

12.     To comply with the Court's May 2, 2025 Minute Order and to protect the relevant employees from harassment and potential threats to themselves and their families, Defendants intend to file the administrative records today with the proposed redactions.  Should the Court deny any portion of this motion, Defendants will refile the relevant documents on the public docket in accordance with the Court's order.

For the foregoing reasons, Defendants respectfully request that the Court grant this motion.

Dated: May 27, 2025                          Respectfully submitted,

                                             YAAKOV M. ROTH
                                             Acting Assistant Attorney General
                                             Civil Division

                                             ELIZABETH J. SHAPIRO
                                             Deputy Director
                                             Federal Programs Branch

                                             */s/ Bradley P. Humphreys*
                                             BRADLEY P. HUMPHREYS
                                             Senior Trial Counsel
                                             SAMUEL S. HOLT
                                             Trial Attorney
                                             U.S. Department of Justice
                                             Civil Division, Federal Programs Branch
                                             1100 L Street, N.W.
                                             Washington, D.C. 20005

Telephone: (202) 305-0878
Fax: (202) 616-8470
Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*