IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY,

*Plaintiff*,

v.

U.S. DEPARTMENT OF INTERIOR, *et al.*,

*Defendants*.

Case No. 1:25-cv-00612-RDM

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO REDACT**

Defendants ask that the Court grant their motion to redact certain information in the administrative record filed on May 27, 2025.[1] Plaintiff provides no compelling reason to deny Defendants' requested relief. Its opposition leans on the wrong legal standard, misapplies precedent, and disregards the real risk that justifies redaction in this case. *See generally* Plf.'s Opp'n to Defs.' Mot. to Redact, ECF No. 28 ("Opp'n"). For the reasons stated in Defendants' opening brief and below, Defendants ask that the Court allow limited redactions to protect DOGE Team members' privacy interests given the substantial risk of harassment, which outweighs the public interest in disclosure.

**ARGUMENT**

**1. The Six-Factor *Hubbard* Test is the Correct Standard.**

Plaintiff argues that Defendants applied the wrong legal standard when moving to redact the names of DOGE Team members. Opp'n at 2–3. According to Plaintiff, the six-factor test from

---

[1] Defendants had requested an additional day to file their reply, ECF 30, but have filed within their original deadline and therefore withdraw their extension motion.

*United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980), applies only to motions to seal, not to requests to redact. Plaintiff insists that the Court should instead apply the test for FOIA Exemption (b)(6), which requires balancing the public's right to know against an individual's right to privacy. *See* Opp'n at 2–3 (citing 5 U.S.C. § 552(b)(6)). But Plaintiff cites no authority to support applying that FOIA standard in the present context.

Indeed, courts in this District have regularly held that the *Hubbard* test governs both full sealing and partial redactions. *See, e.g.*, *United States v. Trump*, No. CR 23-257 (TSC), 2024 WL 4367035, at *1 (D.D.C. Oct. 2, 2024) ("Each of the *Hubbard* factors thus supports the Government's proposed redaction."); *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97 (D.D.C. 2014) (applying the *Hubbard* factors to determine whether to seal or partially redact a complaint); *United States v. Madzarac*, No. 1:20-CR-194-RCL, 2023 WL 3472754, at *2 (D.D.C. May 15, 2023) ("Because the documents at issue are judicial records, the Court shall analyze the proposed redactions under each of the six *Hubbard* factors"). And courts in this District have done so for good reason—redacting names from a filing is, in essence, a form of sealing information from the public.

This Court, moreover, has already addressed the issue. *See John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau*, 195 F. Supp. 3d 9, 16 (D.D.C. 2016) (Moss, J.). In *Consumer Financial Protection Bureau*, a plaintiff moved for reconsideration, claiming that the Court erred by applying the *Hubbard* test to evaluate a request to redact identifying information of certain individuals. *Id.* The Court affirmed its earlier decision applying *Hubbard*, finding that the test proposed by plaintiff "largely replicate[d] either those idendified in *Hubbard* or already considered by the Court." *Id.* Even one of the cases cited by Plaintiff applied the *Hubbard* test, not FOIA Exemption 6, when determining whether to permit redacting DOGE Team members' names. *See*

2

Order, ECF No. 59, *Am. Fed'n of Labor and Congress of Indus. Orgs. v. Dep't of Labor*, No. 1:25-cv-00339-JDB (D.D.C. Mar. 17, 2025) (applying the six-factor *Hubbard* test). Notwithstanding Plaintiff's claim to the contrary, *Hubbard* supplies the proper standard.

**2. DOGE Team Members Are Entitled to Privacy Protection from Threats and Harassment.**

Legal standard aside, Plaintiff asserts that Defendants' concerns about the safety and privacy of DOGE Team members are speculative and do not support redaction. Opp'n at 3–8. But that is incorrect. Public reports confirm that individuals associated with the United States DOGE Service ("USDS") have been targeted for harassment. *See* Inc., *DOGE Anger Escalates with Leak of Tesla Owners' Personal Information* (Mar. 22, 2025), https://www.inc.com/chris-morris/doge-anger-escalates-with-leak-of-tesla-owners-personal-information/91164883 (describing the creation of a website called "Dogequest," which "offer[ed] what it said were [DOGE Team members'] home addresses and phone numbers"). These threats are not hypothetical—they are documented and serious. And, indeed, moderators on the popular website *reddit* recently locked down a discussion thread tracking "DOGE staffers" based in part on "comments that moved beyond political critique into territory that suggests or encourages real-world harm." *See* Cannabun MOD, Reddit (June 10, 2025, 11:32 pm), https://www.reddit.com/r/fednews/comments/1l87a1s/comment/mx51zn1/. The Court should not require federal employees on DOGE Teams to risk harassment for performing their public service duties.

Even the cases Plaintiff cites—many of which are FOIA cases—do not support their position. In *Texas Pub. Pol'y Found. v. Dep't of State*, 136 F.4th 554 (5th Cir. 2025), the Fifth Circuit found that redactions of employee names were not warranted in a particular FOIA request. *Id.* at 561. But Plaintiff's discussion ignores the Fifth Circuit's acknowledgment that redaction of

3

employee names can be appropriate when the individuals are involved in politically controversial activities that have led to violence in the past—citing an abortion related case as an example. *See id.* ("[T]he D.C. Circuit concluded that FDA employees who worked on the approval of the abortion drug mifepristone had a privacy interest in being safe from 'abortion-related violence.'" (quoting *Jud. Watch, Inc. v. FDA*, 449 F.3d 141, 153 (D.C. Cir. 2006))). That reasoning applies here. The work of the DOGE Team has become highly politicized and DOGE Team members should be free from harassment and threats based on the nature of their work.

Plaintiff also cites *Judicial Watch, Inc. v. U.S. Department of Health & Hum. Servs.*, No. 22-CV-3051 (DLF), 2024 WL 3924563 (D.D.C. Aug. 23, 2024), *aff'd*, No. 24-5241, 2025 WL 1122340 (D.C. Cir. Apr. 14, 2025), where a court in this District upheld redactions of agency employee names because "association with controversial research poses significant risks to individuals' privacy, and courts regularly find that such risks justify withholding the identities of agency personnel." *Id.* at *3. The same rationale applies here. Although the agency in that case submitted a declaration, publicly reported threats against DOGE personnel provide ample basis to support redaction even absent a formal declaration.

Plaintiff also points the Court to a non-FOIA decision from this district in which the court declined to permit redactions of those associated with DOGE. *See* Order, ECF No. 59, *Am. Fed'n of Labor and Congress of Indus. Orgs.* But in that case, the court noted that "defendants ha[d] publicly acknowledged all three affiants' associations with DOGE[.]" *See id.* at 3. Defendants agree that if a DOGE Team member has voluntarily disclosed their affiliation—or if the government has officially done so—then any privacy interest is diminished, and disclosure may be appropriate for those individuals. But unconfirmed media reports or third-party speculation is not equivalent to voluntary or official government acknowledgment. *See Alfred A. Knopf, Inc. v.*

4

*Colby*, 509 F.2d 1362, 1370 (4th Cir. 1975) ("It is one thing for a reporter or author to speculate or guess that a thing may be so or even, quoting undisclosed sources, to say that it is so; it is quite another thing for one in a position to know of it officially to say that it is so."). Defendants would thus not object to an order form this Court requiring disclosure where such voluntary or official government acknowledgment exists for a specific DOGE Team member.[2]

### 3. Plaintiff's Remaining Arguments Also Fail.

Plaintiff also offers two additional arguments that are not grounded in any applicable legal standard and thus fail. First, Plaintiff raises an "irony" argument, asserting that, because DOGE Team members have allegedly accessed private data, its employees should not receive the requested privacy protections. *See* Opp'n at 4–5. That argument is irrelevant because no legal doctrine permits this kind of tit-for-tat. And even assuming Plaintiff's allegations were true for argument's sake, the irony runs both ways: if Plaintiff is genuinely concerned about privacy, it is odd to argue against protecting the privacy of certain federal employees simply because of disagreement with their work.

Second, Plaintiff contends that because President Trump has allegedly criticized judges by name, DOGE Team members (who Plaintiffs do not claim were involved with those alleged statements) should be publicly identified. Opp'n at 5. That position is equally inappropriate and irrelevant to the legal question before the Court.

At bottom, Plaintiff and Defendants appear to agree on one point: threats and harassment are serious. The appropriate way to avoid them here is to permit limited redactions that shield

---

[2] As noted in their motion, Defendants would be willing to disclose to Plaintiff the actual names of all relevant employees if Plaintiff were to agree to a protective order to prevent further dissemination of the information.

DOGE Team members from unnecessary exposure. DOGE Team members should not be subjected to an increased risk of harassment. The Court should grant Defendants' motion to redact.

Dated: June 17, 2025                                        Respectfully submitted,

BRETT A. SCHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

BRADLEY P. HUMPHREYS
Senior Trial Counsel

 /s/ Samuel S. Holt
SAMUEL S. HOLT
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 674-9761
Fax: (202) 616-8470
Samuel.Holt2@usdoj.gov

*Counsel for Defendants*