IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY;<br><br>                    *Plaintiff*,<br>    v.<br><br>U.S. DEPARTMENT OF THE INTERIOR *et al*.<br><br>                    *Defendants*. | Civil Action No. 1:25-cv-612-RDM |

**PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION
FOR EXPEDITED DISCOVERY AND TO SUPPLEMENT
OR COMPLETE THE ADMINISTRATIVE RECORD**

      Plaintiff requests that the Court grant its motion for expedited discovery or, in the alternative, order Defendants to supplement or complete the administrative record filed on June 17, 2025, should the Court deem it necessary for Plaintiff to more fully respond to the specific arguments made in Defendants' motion to dismiss. The Court previously invited Plaintiff to renew its motion for expedited discovery in its May 2, 2025, Minute Order if the administrative record filed by the Defendants lacked the information necessary to respond to Defendants' motion to dismiss. Plaintiff demonstrated in its opposition to Defendants' motion to dismiss, ECF No. 31, that the amended complaint meets the low threshold for surviving a motion to dismiss. However, as set forth in Plaintiff's opposition, to the extent the Court finds that Plaintiff must plead additional factual matters exclusively within Defendants' control, and given the record fails to provide such information, the Court should exercise its broad discretion, grant Plaintiff's renewed request for expedited discovery, hold the motion to dismiss in abeyance until responses to Plaintiff's discovery requests or complete administrative records are provided, and

allow Plaintiff to amend its complaint and/or submit further argument in opposition to the motion to dismiss once that information has been provided by Defendants.

As stated in Plaintiff's renewed motion, the limited discovery Plaintiff seeks is narrowly tailored to seek information specific to the arguments made by Defendants in their motion to dismiss regarding alleged factual assertions that Defendants claim must be included in Plaintiff's complaint, including whether the DOGE Teams have been holding meetings and their purported legal authority to recommend and/or make changes at the agencies/departments without complying with FACA's openness requirements. ECF No. 32 at 10. And because the discovery requests only pertain to information specific to determining *whether* the DOGE Teams are subject to FACA, and do not seek substantive materials regarding the work of the DOGE Teams, they are reasonable and will not overly burden Defendants.

Therefore, while Plaintiff maintains that the Court should deny the motion to dismiss based on the pleadings and the plain language of Executive Orders 14158 and 14219, which indicate that the DOGE Teams, as described by the administration itself, plainly meet the definition of federal advisory committees subject to the Federal Advisory Committee Act (FACA), in the alternative the Court should allow discovery or order production of a complete administrative record so that the Court can consider basic information bearing on FACA's applicability and the work of the DOGE Teams before resolving the motion.

## ARGUMENT

I. **Discovery is Warranted Because Information on the DOGE Teams is Exclusively in Defendants' Control.**

Defendants argued in their motion to dismiss that various factual matters concerning the DOGE Teams have not been sufficiently alleged by Plaintiffs. *See* ECF No. 27-1. However, because the DOGE Teams have been operating in secrecy and Defendants have failed to make

information on their activities publicly available (the very basis for this lawsuit), all the information that Defendants claim is missing from Plaintiff's pleadings is solely within the possession of Defendants. Moreover, the administrative record filed by Defendants pursuant to the Court's May 2, 2025, Minute Order does not provide information necessary to "fill[] in gaps . . . to determine what the agenc[ies] actually did." *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1227 (D.C. Cir. 1993).

As discussed, the Court's May 2, 2025, Minute Order denying Plaintiff's initial motion for expedited discovery as premature required Defendants to file the "entire administrative record" because the Court presumably assumed that the record would contain documents that would provide information on the work of the DOGE Teams. However, the record does not contain *any* documents reflecting the process undertaken by Defendants in establishing the DOGE Teams; documents describing the role, goals, scope of work, or legal authority for the DOGE Teams; or documents setting forth information about the meetings that have taken place for the DOGE Teams, consistent with the Court's Minute Order. Therefore, renewing the discovery motion is warranted, consistent with the Court's prior ruling.

Contrary to Defendants' claim that Plaintiff's motion "confirms that its amended complaint lacks the basic facts needed to plead jurisdiction or state a claim," ECF No. 34 at 6, Plaintiff's opposition to the motion to dismiss demonstrates that the amended complaint is sufficient to survive Defendants' motion; however, to the extent the Court agrees with Defendants that information exclusively in Defendants' control must be included in the pleadings, discovery is warranted to acquire such information. *See* ECF No. 31. The proposed limited discovery is therefore warranted, consistent with the Court's May 2 order. *See Warner Bros. Recs. Inc. v. Does 1–6*, 527 F. Supp. 2d 1, 2 (D.D.C. 2007) (granting expedited discovery

where "Plaintiffs have made a showing of good cause for the discovery they seek, as the information is not only relevant but crucial to the prosecution of Plaintiffs' claims"); *Hispanic Affairs Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018) (a district court may "exercise its discretion to permit [] discovery to ascertain the contours of the precise policy at issue") (citations omitted).

Defendants' argument that the motion to dismiss should be resolved before discovery, ECF No. 34 at 4-6, contradicts the Court's prior order specifically inviting Plaintiff to renew its discovery motion should the record be inadequate to respond to the motion to dismiss. Moreover, in this context, Defendants' reliance on the "reasonableness test" from *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97 (D.D.C. 2014), is misplaced. Plaintiff's renewed discovery requests are not seeking general information on the DOGE Teams to support a motion for a preliminary injunction, but rather are only intended to obtain information to the extent the Court deems such information necessary to respond to the Defendants' motion to dismiss regarding facts that are exclusively in Defendants' control, and the Court already found this to be a legitimate purpose to renew the discovery request.

And even if the reasonableness test applies, it supports granting the motion, since the Court has not only already endorsed the purpose of the renewed request, but the breadth of the discovery has been properly limited to the specific factual information that Defendants' claim must be included in the pleadings. Furthermore, as discussed further below, the requests do not pose an undue burden on Defendants, particularly given that the discovery is only warranted because of Defendants' claim that factual information solely in their possession must be included with the pleadings, and the administrative record they provided is woefully inadequate.

4

Therefore, to the extent that the Court deems it necessary and does not deny Defendants' motion to dismiss based on the well-plead complaint, the renewed motion should be granted.

## II.   Plaintiff's proposed discovery requests are narrowly tailored and reasonable.

The proposed discovery requests are reasonable because they are narrowly tailored to the specific factual information Defendants allege is missing from Plaintiff's amended complaint and cannot be obtained through other means due to Defendants' failure to include such information in the administrative record. Therefore, it is in no way "difficult to determine the purpose and scope of the requested expedited discovery," *contra* ECF No. 34 at 11, regardless of the fact that Plaintiff has not sought a preliminary injunction.

Moreover, contrary to Defendants' baseless assertion, the discovery requests do *not* go to the merits of the FACA claim or otherwise require Defendants to provide substantive or deliberative materials from the work of the DOGE Teams. ECF No. 34 at 10-11. Rather, they are only intended to obtain information to respond to Defendants' arguments that Plaintiff must show that regular DOGE Team meetings have taken place and that the DOGE Teams are providing specific advice and recommendations to the agencies/departments, as well as provide information on the membership status and "vote or veto" authority of the DOGE Team members. *See* ECF No. 27-1 at 13, 14-16, 21-22.

Defendants take issue with the discovery requests seeking basic information on when the DOGE Teams have held meetings—ignoring the fact that it was Defendants that claimed Plaintiff must show that regular meetings have taken place and that they have released no information on such meetings, ECF No. 27-1 at 13—arguing that the definition of "meeting" included in the discovery requests is overly broad because it encompasses any time two or more DOGE Team members met to discuss the advice or recommendations they provided the agencies/department pursuant to Executive Orders 14158 and/or 14219. ECF No. 34 at 11. But

5

that is the very definition of a meeting. Furthermore, the fact that Defendants' claim that this would require an extensive response, *see id.,* is a tacit admission that regular meetings are in fact occurring in order for the DOGE Teams to provide recommendations and advice for the implementation of the DOGE agenda, supporting Plaintiff's position that FACA does indeed apply here. Regardless, Plaintiff is willing to work with Defendants to narrow the scope of the requests if they have legitimate objections.

However, simply declaring that the requests are too broad does not provide a valid basis for disallowing an inquiry into how the DOGE Teams operate. Defendants fail entirely to explain why the need to conduct a limited search for documents pertaining to the status and scope of the work of the DOGE Teams would be overly burdensome. Indeed, they should already be doing so in response to the Center's FOIA requests. *See* Amended Complaint, ECF No. 12 at 29. And even if there would be some burden, as the D.C. District recently stated when allowing expedited discovery regarding the activities of Elon Musk and USDS, "[a]lthough discovery is inherently burdensome," the benefit, including expeditious resolution of the case, can outweigh the burden. *New Mexico v. Musk*, 2025 U.S. Dist. LEXIS 46424 at *16, 2025 WL 783192 at *5 (citing *Ellsworth Assoc., Inc. v. United States,* 917 F. Supp. 841, 844 (D.D.C. 1996); *Goodwin v. District of Columbia,* No. 21-cv-806 (BAH), 2021 WL 1978795 at *7 (D.D.C. May 18, 2021)).

That is certainly the case here, where "the burden the requests would impose on Defendants—a written response based on a discrete set of documents within Defendants' control, not a deposition or wide-ranging search for potentially responsive documents—is relatively slight," and indeed is only necessary to respond to Defendants' arguments regarding factual information exclusively in their control. *All. for Retired Ams. v. Bessent*, 2025 U.S. Dist. LEXIS 71832 at *10-11, 2025 WL 1114350 at *4. As the D.C. District recently stated, "discovery

requests of course impose some burden on Defendants. All discovery does. But '[w]hen the burden is low, such as responding to only one or a few discovery requests, then this factor supports granting the motion for expedited discovery.'" *Does v. DOJ*, 2025 U.S. Dist. LEXIS 54011 at *27, 2025 WL 894120 at *9 (citing *Attkisson v. Holder*, 113 F. Supp. 3d 156, 165 (D.D.C. 2015)).

Moreover, the number of responsive records pertaining to the discovery requests does not automatically make the request broad, burdensome, or unreasonable—especially when weighed against Plaintiff's need for the information and inability to obtain it elsewhere. See Fed. R. Civ. P. 26(b)(1) (establishing general rule that inquiries into "burden" should consider "likely benefit"); *see also ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 63 (M.D. La. 2016) (noting that "[g]ood cause generally exists 'where the need for expedited discovery outweighs the prejudice to the responding party'") (citation omitted). Here, the discovery is only warranted to the extent necessary to respond to Defendants' arguments in the motion to dismiss, and where such information is not otherwise available regarding the specific DOGE Teams at issue. *See Hispanic Affairs Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018) (a district court may "exercise its discretion to permit [] discovery to ascertain the contours of the precise policy at issue") (citations omitted); *Venetian Casino Resort, LLC v. EEOC*, 409 F.3d 359, 360 (discovery appropriate when a party's position is obscure, making it "impossible to discern whether the alleged . . . policy in fact exists").

And here, the scope of the proposed discovery is commensurate with expedited discovery requests that have been allowed in other cases involving DOGE-related activities. For example, in *AFL-CIO*, a court in this District allowed expedited discovery to ascertain facts that "remain[ed] opaque" regarding USDS/DOGE, including its structure and the scope of its

authority (i.e., the same information sought here regarding the DOGE Teams), which was "unclear on the current record. . . ."*AFL-CIO v. Dep't of Labor*, No. 25-0339, 2025 U.S. Dist. LEXIS 36921 at *12, 2025 WL 1142495 at *4 (D.D.C. Feb. 27, 2025). The same rationale applies here, since the proposed discovery is necessary to establish facts that remain "opaque" regarding the structure and composition of the DOGE Teams and the scope of their authority based on the current record.

In *AFL-CIO*, as here, the government took issue with the scope and purported burden of the requests, but the court disagreed, finding that the requests were valid because they were "tailored to determining the contours of the agencies' actions. . . ." *AFL-CIO*, 2025 U.S. Dist. LEXIS 36921 at *14-15, 2025 WL 1142495 at *4. The court therefore allowed for expedited discovery because the limited requests focused on "the structure, chain of command, and [] policies of" USDS. 2025 U.S. Dist. LEXIS 36921 at *15-16, 2025 WL 894120 at *4. And the request was considered to be "narrowed in a way that will impose a minimal burden on defendants," since it merely sought the identities of individuals and their responsibilities, along with descriptions of the programs at issue, much like what is being sought here. Therefore, as in *AFL-CIO*, "[h]ere, there is no such undue burden," *AFL-CIO*, 2025 U.S. Dist. LEXIS 36921 at *19-20, 2025 WL 1142495 at *6, since the discovery requests have been "narrowly tailored" to pursue factual matters in response to Defendants' motion to dismiss, consistent with this Court's prior order.

Thus, for the reasons stated in Plaintiff's motion for renewed discovery and here, discovery should be granted to fill in purported gaps regarding information that is solely in Defendants' possession.

### III. In the alternative, the Court should require Defendants to complete or supplement the administrative record.

As discussed in Plaintiff's motion, the administrative record provided by Defendants is woefully inadequate. The administrative record "must include all of the information that the agency considered 'either directly or indirectly'" when formulating the DOGE Teams and regarding their work to provide advice and recommendations to the agencies. *Univ. of Colo. Mem'l Hosp. v. Burwell*, 151 F. Supp. 3d 1, 12 (D.D.C. 2015) (quoting *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010)). In ordering Defendants to file "the entire administrative record in this matter" along with their motion to dismiss, the Court presumably assumed that the record would contain documents reflecting the process undertaken by Defendants in establishing the DOGE Teams; documents describing the role, goals, scope of work, or legal authority for the DOGE Teams; and documents setting forth information about the meetings that have taken place for the DOGE Teams. None of that was provided and Defendants cannot exclude documents from the administrative record simply because they believe that FACA does not apply. "[A]n agency 'may not skew the record by excluding unfavorable information.'" *City of Duluth v. Jewell*, 968 F. Supp. 2d 281, 287 (D.D.C. 2013) (quoting *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 369 (D.D.C. 2007)). Thus, the Court should require Defendants to complete the record with all relevant documents.

Defendants' contention that there *is* no administrative record because the Defendants have not established or utilized the DOGE Teams as advisory committees is nonsensical. It suggests that an administrative record is only warranted once the Plaintiff has succeeded on the merits of its claim establishing that FACA applies. But the record is what the Court utilizes to determine *whether* FACA applies, and therefore it must contain all documents pertaining to the establishment, authority, and scope of work for the DOGE Teams, regardless of whether Defendants believe that FACA applies.

Even if Defendants are correct that the DOGE Teams are working within the agencies/departments and conducting internal, day-to-day agency work, ECF No. 27-1- at 24, then the "entire administrative record" that the Court ordered Defendants to file must still contain documents pertaining to such work that would provide the basis for summary judgment briefing; yet the record contains nothing other than employment documents, which in fact *confirm* that the DOGE Teams are comprised of members that are not full-time government employees, and thus not subject to FACA's exemption. 5 U.S.C. § 1001(2)(B); *See* ECF No. 26-2 at 12-15, 25-26, 29-30. It is simply inconceivable that the only documents in Defendants' possession are the limited employment records that were provided, and therefore the Court should, once again, order Defendants to provide the "entire administrative record."

## CONCLUSION

For the foregoing reasons and those set forth in Plaintiff's Renewed Motion for Expedited Discovery, the Court should grant Plaintiff's motion and order Defendants to produce responses to the proposed discovery requests within 14 days of the Court's order, or in the alternative to complete and/or supplement the administrative record.

Respectfully submitted on this 15th day of July 2025.

/s/ Lauren A. Parker
Lauren A. Parker (DC Bar No. 1670885)
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, DC 20005
lparker@biologicaldiversity.org
(202)-868-1008

Jared Margolis (admitted pro hac vice)\
Center for Biological Diversity
2852 Willamette St. #171
Eugene, OR 97405
jmargolis@biologicaldiversity.org
(802)-310-4054

*Attorneys for Plaintiff Center for Biological Diversity*